**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMINA FAROOQ, Personal Representative Of The Estate of NADIR FAROOQ, Deceased,<br><br>    Plaintiff,<br><br>    v.<br><br>MDRB CORPORATION D/B/A RAMADA INN HOTEL, ET AL.,<br><br>    Defendants. | Civil Action No. 1:06-cv-00211-RMC |

**MDRB CORPORATION'S**
**MEMORANDUM IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO REMAND—LACK OF DIVERSITY JURISDICTION**

Defendant MDRB Corporation ("MDRB"), by and through the undersigned counsel, submits this response memorandum in opposition to the "Motion To Remand—Lack Of Diversity Jurisdiction" ("Motion") filed by Plaintiff Amina Farooq ("Farooq").

**I.   PLAINTIFF'S JANUARY 3, 2006 SERVICE UPON CRAIG INGRAM WAS NOT UPON MDRB'S REGISTERED AGENT**

Incorrectly, Plaintiff asserts "[t]hat Defendant's Register[ed] Agent was served with process by certified mail on January 3, 2006." (Motion at 1, ¶ 1.) Although Plaintiff attaches a copy of a "Domestic Return Receipt" from the U.S. Postal Service showing a delivery that date to one "Craig Ingram," Plaintiff proffers no evidence that Craig Ingram was MDRB's registered agent at that time. Indeed, Plaintiff could not do so.

As stated in the January 16, 2006 Certification of Deepak Bhatnagar (hereinafter, "Bhatnagar January 2006 Cert.") submitted with MDRB's "NOTICE OF REMOVAL"

(Ct.Doc. 1 at 33-34 of 34), Mr. Bhatnagar was himself MDRB's registered agent in the State of Maryland on and since November 22, 2005:

> I have never been a Registered Agent for MDRB in the District of Columbia or elsewhere. However, on November 15, 2005, I applied to become, for the first time, MDRB's registered agent in the State of Maryland, and that application was granted on November 22, 2005.

A letter dated "12-06-2005" from the State of Maryland Department of Assessments and Taxation (attached as Exhibit 1 to the February 27, 2006 Certification of Deepak Bhatnagar (hereinafter, "Bhatnagar February 2006 Cert.")) was sent to Craig Ingram, Esq. to confirm that State's "11-22-2005" receipt of an MDRB corporate resolution; as reflected in that same State of Maryland letter (at the last page of Exhibit 1 to the Bhatnagar February 2006 Cert.), as of the "EFFECTIVE DATE" of "11-22-2005," the "PRINCIPAL OFFICE" of MDRB was located at "14612 STRATFIELD CIRCLE, LAUREL MD 20707."

Furthermore—and as is particularly relevant to Plaintiff's assertion that she served MDRB's registered agent "by certified mail on January 3, 2006" (Motion at 1, ¶ 1)—that same State of Maryland letter establishes that, as of that "11-22-2005" date, the corporation's "RESIDENT AGENT" was "DEEPAK BHATNAGAR," located at that same Laurel, Maryland address. (Exhibit 1 to the Bhatnagar February 2006 Cert., at the last page thereof.)

Thus, Plaintiff has failed to establish, and cannot in fact establish, that Mr. Ingram was MDRB's registered agent at the time he received the summons she had sent to him—January 3, 2006—or that he held any office with that corporation at that time such that his receipt of her summons on that date would charge MDRB with knowledge thereof. Mr. Ingram in fact held no corporate office with MDRB but, rather, he is merely MDRB's former resident agent in Maryland. (Bhatnagar February 2006 Cert. at 2, ¶ 5.) In sum, Plaintiff made no effective service upon MDRB through her sending a summons to Mr. Ingram, delivered on January 3, 2005.

As earlier stated in an attachment to its NOTICE OF REMOVAL, MDRB first became aware of this suit by Ms. Farooq

> as a result of plaintiff's counsel's faxing to MDRB's counsel—on January 5, 2006—a copy of the Complaint in that action; MDRB's counsel then apprised MDRB, through me, of the existence of that lawsuit. [Bhatnagar January 2006 Cert. at 3, ¶ 6.]

MDRB would further note in this regard that Plaintiff herself, through her counsel, obtained from the Clerk of the Court of the Superior Court of the District of Columbia an "ALIAS SUMMONS" issued by that clerk on that same date, "1/5/06." (Attachment to NOTICE OF REMOVAL, Ct.Doc. 1 at 8 of 34.) That summons was issued to be served upon:

> MDRB, CORPORATION D/B/A
> RAMADA INN HOTEL, ET AL.
> RESIDENT AGENT:
> DEEPAK BHATNAGAR
> 14612 STRATFIELD CIRCLE
> LAUREL, MD  20707

(*Id*.)  Thus, the record herein already indicates that Plaintiff recognized her error in trying to serve, in early January 2006, Mr. Ingram as MDRB's agent for service of process when in fact Mr. Ingram had been replaced more than a month earlier, by Mr. Bhatnagar, as the corporation's service agent.  As a result, it is entirely unclear why, in her February 22, 2006 Motion, Plaintiff claims that she did make effective service on MDRB on January 3, 2006.

II.  **FOR DIVERSITY OF JURISDICTION PURPOSES, THE TIME OF THE FILING OF HER SUIT, AND NOT THE TIME OF THE INCIDENT ALLEGED, CONTROLS THE ANALYSIS OF MDRB'S CITIZENSHIP**

Plaintiff maintains that no diversity jurisdiction exists here because, "*at the time of the incident alleged* in Plaintiff's Complaint, Defendant MDRB CORPORATION was a corporation licensed and conducting business in the District of Columbia." (Motion at 1 ¶ 3 (emphasis added).)

In this regard, though, Plaintiff makes no assertion that MDRB was in any way a citizen of the District of Columbia for diversity jurisdiction purposes at the time she filed suit against MDRB. To the contrary, the uncontradicted record here establishes that "Defendant MDRB Corporation is a corporation incorporated and existing under the State of Maryland and having its principal place of business in that state." *See* NOTICE OF REMOVAL at 2, ¶ 4, *citing* in support ¶¶ 2-4 of the Bhatnagar January 2006 Cert. That certification further establishes, without contradiction by Plaintiff, that—since April 12, 2004—MDRB (a) has done business only in the State of Maryland and, correspondingly, (b) has done no business in the District of Columbia. (NOTICE OF REMOVAL, Ct.Doc. 1 at 33 of 34, ¶ 4.)

Against this backdrop, Plaintiff errs in arguing that MDRB's citizenship at the time of the incident in question—rather than at the time of her filing of her lawsuit—controls regarding whether this Court has subject matter jurisdiction here:

> It has long been the case that "the jurisdiction of the Court depends upon the state of things at the time of the action brought." Mullen v. Torrance, 22 U.S. 537, 9 Wheat. 537, 539, 6 L. Ed. 154 (1824). This time-of-filing rule is hornbook law (quite literally **n2**) taught to first-year law students in any basic course on federal civil procedure. It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal.
> 
>     **n2** See, *e.g.*, J. Friedenthal, M. Kane, & A. Miller, Civil Procedure 27 (3d ed. 1999); C. Wright & M. Kane, Law of Federal Courts 173 (6th ed. 2002). See also 13B C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3608, p 452 (1984).

*Grupo Dataflux v. Atlas Global Group, L. P.*, 541 U.S. 567, 570-71, 124 S.Ct. 1920, 1924, 158 L.Ed.2d 866 (2004).

Because (a) MDRB has been a citizen of the State of Maryland—and only that state—since no later than April 12, 2004 (NOTICE OF REMOVAL, Ct.Doc. 1 at 33 of 34, ¶ 4) and (b) Plaintiff, a District of Columbia citizen (*see*, *e.g.*, her Motion at 1, ¶ 2 ("at the

commence[ment] of this action all parties were believed to be domiciled in the District of Columbia")) did not file her suit in this case until May 2005 (*see*, *e.g.*, NOTICE OF REMOVAL, Ct.Doc. 1 at 22 of 34, ¶ 4 ("RECEIVED" stamp of that case, numbered "05-0003395")), Plaintiff has no valid grounds to argue that this Court lacks diversity jurisdiction based upon a supposed lack of diversity of citizenship vis-à-vis MDRB's citizenship and her own.[1]

### III. THE CITIZENSHIP OF PLAINTIFF'S "JOHN DOE" AND "RICHARD ROE" DEFENDANTS IS IRRELEVANT FOR DIVERSITY OF JURISDICTION PURPOSES

Plaintiff also maintains, also incorrectly, that no diversity jurisdiction exists here because it is somehow MDRB's burden to establish the citizenship of her two unnamed defendants.

In making that argument (Motion at 1-2, ¶¶ 3-10), and doing so once again without benefit of reference to any legal authority, Plaintiff does not respond to MDRB's earlier statement on this very point: "Two other defendants have been sued under fictitious names— 'John Doe' and 'Richard Roe'—and their citizenship is therefore disregarded for purposes of removal. 28 U.S.C. § 1441(a)." NOTICE OF REMOVAL at 2, ¶ 4. The relevant portion from that portion of the United States Code headed "Actions removable generally" states: "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). As the citizenship of Plaintiff's fictitiously named defendants "John Doe" and "Richard Roe" is expressly disregarded under this statutory

---

[1] For the sake of completeness, MDRB would note that Plaintiff asserts as well that no diversity jurisdiction exists here because "at the commence[ment] of this action all the parties were believed to be domiciled in the District of Columbia." (Motion at 1 ¶ 2.) However, Plaintiff presents no argument as to why her supposed belief in this regard, in terms of MDRB's citizenship, should somehow be determinative of, or even relevant to, the jurisdiction of this Court. MDRB would respectfully suggest that, in fact, her belief, in terms of MDRB's citizenship, has no such relevance.

provision, MDRB has no burden to establish that citizenship in terms of the removal of this action from the Superior Court for the District of Columbia.

## IV.   CONCLUSION

Because diversity of citizenship exists in this case, because MDRB's removal from the Superior Court for the District of Columbia was timely, and because all other requirements for removal have been met in this instance, Plaintiff Amina Farooq's Motion To Remand must be denied.

                                                Respectfully submitted,

                                                /s/ Paul A. Fitzsimmons
                                                _____
                                                Thomas S. Schaufelberger, Bar No. 371934
                                                Paul A. Fitzsimmons, Bar No. 444829
                                                WRIGHT, ROBINSON, OSTHIMER & TATUM
                                                5335 Wisconsin Avenue, N.W.
                                                Suite 920
                                                Washington, D.C.  20015
                                                (202) 895-7209

                                                Counsel for MDRB Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing is being served this 6th day of March, 2006 either by Notice of Electronic Filing or first-class United States mail, postage prepaid upon:

Othello G. Jones, Jr., Esq.
Attorney at Law
Anacostia Professional Building
2041 Martin Luther King Jr. Ave., S.E.
Suite 244
Washington, D.C.  20020

(202) 889-1010
FAX (202) 889-1375

/s/ Paul A. Fitzsimmons
_____
Paul A. Fitzsimmons