## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMINA FAROOQ, Personal Representative of the Estate of Nadir Farooq,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MDRB CORPORATION D/B/A RAMADA INN HOTEL, ET AL..,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **Civil Action No. 06-211 (RMC)**<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Plaintiff, Amina Farooq, filed this suit in the Superior Court of the District of Columbia against Defendants, MDRB Corporation ("MDRB"), John Doe d/b/a Taking Care of Business (Event Sponsor), and Richard Roe Security. On February 6, 2006, MDRB removed this case to federal district court, based on diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff has moved to remand, claiming 1) the removal was not timely and 2) there is not complete diversity of citizenship between the parties.

A removal is timely if it is filed within thirty days after the receipt by the defendants of a copy of the initial pleading. 28 U.S.C. §1446(b). Here, Plaintiff contends that she served MDRB by certified mail addressed to its registered agent, Craig Ingram, on January 3, 2006 and that MDRB did not remove this case until February 6, 2006, more than thirty days later. However, Craig Ingram was MDRB's former registered agent, not its current registered agent. Def.'s Opp'n Att. 1, Certification of Deepak Bhatnagar ("Cert. of Bhatnagar"). On January 3, 2006, MDRB's registered agent was Deepak Bhatnagar. *Id*. ¶ 4 On January 5, 2006, MDRB received a copy of the complaint

from Plaintiff's counsel. *Id*. ¶5.   Thirty days after January 5, was February 5, a Sunday.  Pursuant

to Fed. R. Civ. P. 6(a), the last day of a period of time shall not be included if it is a Sunday.   Thus,

MDRB's notice of removal, which was  filed on February 6, 2006, was filed within thirty days after

MDRB received a copy of the complaint in this matter.  The notice of removal was timely.

Jurisdiction is determined based on the facts as they existed at the time the case was

filed.  *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004).  A court lacks

diversity jurisdiction if there are litigants from the same state on opposing sides of the controversy.

28 U.S.C. § 1332(a)(1); *see Prakash v. American Univ.*, 727 F.2d 1174, 1178 n.25 (D.C. Cir. 1984).

A corporation is deemed to be a citizen of the state in which it is incorporated *and* the state where

it maintains its principal place of business.  28 U.S.C. § 1332(c)(1).  The principal place of business

for a corporation is usually its headquarters, where day-to-day business is conducted.  *Masterson-*

*Cook v. Criss Bros. Iron Works, Inc.*, 722 F. Supp. 810, 812 (D.D.C. 1989).  Further, the citizenship

of defendants sued under fictitious names must be disregarded for removal purposes.  28 U.S.C. §

1441(a).

In this case, Plaintiff is a resident of the District of Columbia.  MDRB is a corporation

incorporated in Maryland.  Cert. of Bhatnagar ¶ 2.  MDRB also has its principal place of business

in Maryland.  Cert. of Bhatnagar ¶ 3.  Plaintiff contends that there is not complete diversity in this

case because some of the members of Richard Roe, an unincorporated association, may be residents

of the District of Colombia.  Plaintiff ignores the fact that she sued the other defendants, John Doe

d/b/a Taking Care of Business (Event Sponsor) and Richard Roe Security, under ficticious names

and their citizenship is disregarded for the purpose of determining diversity jurisdiction.  28 U.S.C.

§ 1441(a).   Thus, complete diversity exists, and this Court has jurisdiction in this matter.

Accordingly it is hereby

        **ORDERED** that Plaintiff's motion to remand [Dkt. # 4] is **DENIED**.

        **SO ORDERED**.


Date:   March 22, 2006                                      /s/
                                            ROSEMARY M. COLLYER
                                            United States District Judge