**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

AMINA FAROOQ,
PERSONAL REPRESENTATIVE OF
THE ESTATE OF NADIR FAROOQ,

        Plaintiff,

  v.

MDRB CORPORATION
D/B/A RAMADA INN HOTEL, et al.,

        Defendants.

Case No.:  1:06-cv-00211-RMC

**MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT OF
DEFENDANT MDRB CORPORATION**

Thomas S. Schaufelberger
Paul A. Fitzsimmons
Saul Ewing LLP
1025 Thomas Jefferson Street, NW
Suite 425 West
Washington, DC  20007-5209

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| TABLE OF AUTHORITIES | | iii |
| I. | STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE | 2 |
| II. | SUMMARY JUDGMENT STANDARD | 5 |
| III. | ARGUMENT | 6 |
| | A. Plaintiff Cannot Establish That MDRB Breached Any Legal Duty That Caused The Criminal Injury Herein At Issue Because District of Columbia Law Does Not Impose Liability On Innkeepers Absent A "Heightened Foreseeability" Of The Criminal Act Involved | 6 |
| | B. As A Matter Of Law, Plaintiff Is Unable To Establish Any Duty On MDRB's Part To Have Prevented The Criminal Attack Upon The Decedent | 12 |
| III. | CONCLUSION | 14 |

## TABLE OF AUTHORITIES

**CASES**
*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) .............. 5
*Bailey v. District of Columbia*, 668 A.2d 817 (D.C. 1995) ................................................... 7, 9, 12
*Bell v. Colonial Parking, Inc.*, 807 F.Supp. 796 (D.D.C. 1992) ...................................................... 7
*Celotex Corp. v. Catrett*, 477 U.S. 317, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986) ......................... 5
*Clement v. Peoples Drug Store, Inc.*, 634 A.2d 425 (D.C. 1993) ............................................. 8, 11
*Gillot v. WMATA*, 507 F.Supp. 454 (D.D.C. 1981) ........................................................................ 8
*Haynesworth v. D.H. Stevens Co.*, 645 A.2d 1095 (D.C. 1994) ..................................................... 6
*Lacy v. District of Columbia*, 424 A.2d 317 (D.C. 1980) .............................................................. 7
*Potts v. District of Columbia*, 697 A.2d 1249 (D.C. 1997) ........................................................... 7
*Romero v. Nat'l Rifle Ass'n,* 749 F.2d 77 (D.C.Cir. 1984) .............................................................. 7
*Shadday v. Omni Hotels Management*, 2006 WL 693680 (S.D.Ind. March 13, 2006)7, 8, 9, 10, 11
*Spar v. Obwoya*, 369 A.2d 173 (D.C. 1977) .................................................................................. 8

**RULES**
Fed.R.Civ.P. 56 ................................................................................................................................. 5

**MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT OF
DEFENDANT MDRB CORPORATION**

Defendant MDRB Corporation ("MDRB"), by counsel, submits this memorandum in support of its Motion for Summary Judgment. MDRB's Motion should be granted because the criminal act by a third party that caused the death of Nadir Farooq ("Farooq" or the "Decedent") was, as a matter of law, not foreseeable to MDRB. Accordingly, summary judgment should be granted in MDRB's favor and against Amina Farooq (the "Plaintiff"), Personal Representative of the Estate of Nadir Farooq.

This case concerns an unfortunate event—a stabbing that took the life of the Decedent—by an individual having no affiliation with MDRB. The stabbing occurred on the premises of a Ramada Limited hotel (the "Hotel"), located in the District and previously owned and operated by MDRB.

Plaintiff contends that MDRB had a duty to protect Farooq against that criminal act, that it failed to do so, and that the failure renders MDRB legally responsible for Farooq's resultant death. However, District of Columbia law does not impose liability on MDRB in the circumstances presented because, as a matter of law, it did not have any duty to protect the Decedent against this unforeseeable attack by a third person upon him. The undisputed material facts establish that, on the night in question, MDRB had no reason to know that anyone on its premises carried a knife or intended to use any type of weapon to harm the Decedent. MDRB neither knew nor could have known that an assailant would suddenly stab the Decedent. Thus, Plaintiff cannot establish foreseeability, much less "heightened foreseeability," as would be required in this setting. Accordingly, a key component of its negligence cause of action—duty—is absent here, and MDRB is therefore entitled to summary judgment.

I.      **STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

From July 9, 1998 until April 12, 2004, MDRB owned and operated a hotel located at 1600 New York Avenue, N.E., Washington, DC and known during that time as the Ramada Limited (the "Hotel"). (*See* Complaint at ¶ 4, and September 14, 2006 Certification of Deepak Bhatnagar, attached hereto as "Exhibit 1," at ¶¶ 2-3.) The Hotel contained several conference rooms that were available for rent for various purposes, including mainly wedding receptions, company dinners, private parties, and church services; MDRB rented these conference rooms many hundreds of times during the period it owned and operated the Hotel. (*Id*. at ¶ 3.)

On or about September 16, 2002, the John Doe Defendants—identified as "Ben & Reggie" and otherwise unknown to MDRB—leased from MDRB a meeting room in the Hotel for what they described to MDRB as a "Private Party" to be held on the evening of September 27, 2002. (*See* Complaint at ¶ 5, 8, and 9; Exhibit 1 at ¶ 4.) Although MDRB was unaware of the use to which the meeting room would actually be put on September 27, 2002, those John Doe Defendants in fact used that meeting room to host a paid-admission event—a dance—which they organized. The John Doe Defendants allegedly hired a security company, referred to in Plaintiff's Complaint as Defendant "Richard Roe Security Company," to provide security for their event. (Complaint at ¶ 6.) MDRB was unaware that any security company had been employed for what had been represented as a "Private Party." (Exhibit 1 at ¶ 5.)

While attending the John Doe Defendants' event, Farooq was stabbed with a knife by Travis Littlejohn, another person attending the dance, resulting in Farooq's death within days. (*Id*. at ¶¶ 9-10; Exhibit 1 at ¶ 7.) On November 15, 2004, Travis Littlejohn, a person entirely

unaffiliated with MDRB, was convicted of the criminal charge of "Voluntary Manslaughter While Armed." (Exhibit 1 at ¶¶ 8-9.)

MDRB had no reason to know at the time the event was held that anyone at the Hotel was dangerous, carried a weapon, or intended to harm anyone else at the Hotel. (*Id*. at ¶ 10.) In particular, MDRB had no knowledge of any threatened or impending physical attack upon the Decedent. (*Id*. at ¶ 11.) Furthermore, there had never been a criminal act of that nature at the Hotel while MDRB owned and operated it nor, to MDRB's knowledge, at any other time during its operation. (*Id*. at ¶ 12.) The relatively few incidents of criminal conduct at the Hotel during the time MDRB owned and operated it were limited to occasional vandalism of patrons' cars in the Hotel's parking lot, one amateurish and entirely unsuccessful daylight robbery attempt of the Hotel's front desk, and rare scuffles between guests of the Hotel who knew one another. (*Id.*)

MDRB thus lacked any knowledge or information that could have put it on notice of the Littlejohn criminal attack upon Farooq. Nonetheless, Farooq's Estate, through its representative Amina Farooq, alleges that Farooq's injury and resulting death were caused by MDRB's negligence. Specifically, Plaintiff alleges that MDRB knew or should have known with the exercise of reasonable care: that the Hotel was located in, allegedly, one of the highest crime areas in the District of Columbia; that various violent crimes had, allegedly, occurred in and about other premises where "Go-Go Disco Dances" were attended by young people; that the sale to and consumption by young people of alcoholic beverages often lead to hostile and violent actions and reactions; and that many young persons in high crime communities carry concealed weapons. (Complaint at ¶ 11.) Plaintiff further alleges that, by allegedly failing to provide adequate security for the paid-entertainment event at the Hotel, MDRB breached its duty to Farooq and was the direct and proximate cause of his death. (*Id*. at ¶¶ 12-16.) Pursuant to this

theory of negligence, Plaintiff seeks to recover from MDRB damages in excess of $10,000,000.

(*Id*. at seventh page.)

## II.  SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rules of Civil Procedure Rule 56 (c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  The standard regarding a Rule 56 motion is whether there is any "genuine issue as to any material fact [and whether] the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (quoting Fed. R. Civ. P. 56(c)).  Facts are deemed "material" if a dispute over them "might affect the outcome of the suit under the governing law." *Id*. at 248, 106 S. Ct. at 2510.  A factual dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See id*. at 256, 106 S. Ct. at 2514.  Summary judgment is appropriate when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S. Ct. 2548 (1986).

Here, there is no genuine dispute as to the material facts at issue and, pursuant to longstanding District of Columbia law, MDRB is entitled to summary judgment.

III.   ARGUMENT

    A.   **Plaintiff Cannot Establish That MDRB Breached Any Legal Duty That Caused The Criminal Injury Herein At Issue Because District of Columbia Law Does Not Impose Liability On Innkeepers Absent A "Heightened Foreseeability" Of The Criminal Act Involved**

To prevail on a negligence claim under District of Columbia law, a plaintiff must establish that that the defendant had a duty to the plaintiff, that the defendant breached that duty, that breach of the duty was the proximate cause of injury to the plaintiff, and that the plaintiff was damaged as a result of the defendant's breach. *E.g.*, *Haynesworth v. D.H. Stevens Co.*, 645 A.2d 1095, 1097-98 (D.C. 1994) ("*Haynesworth*"). Here, however, Plaintiff's negligence claim fails, as a matter of law, because she cannot establish that MDRB breached any duty owed to Farooq.

The factual background of this case is not in dispute: (1) MDRB leased a meeting room in the Ramada Limited to the John Doe Defendants for a private party; (2) unbeknownst to MDRB, the John Doe Defendants scheduled a paid-admission dance in the room; (3) the John Doe Defendants apparently hired a security company to provide security for their event; and (4) that, at some point during the dance, Travis Littlejohn—a person unaffiliated with and unknown to MDRB—stabbed Mr. Farooq without any warning. Mr. Farooq died as a result.

Although Mr. Farooq's death was tragic, the person responsible for that death is Travis Littlejohn, and not MDRB. Longstanding District of Columbia law and common sense instruct that MDRB cannot be held liable for the intervening criminal actions of Littlejohn, a stranger to MDRB.

"As a general rule, a private person does not have a duty to protect another from a criminal act by a third person." *Kline v. 1500 Massachusetts Ave. Apt. Corp.*, 439 F.2d 477, 481 (D.C. Cir. 1970) ("*Kline*"). Absent a showing of some "heightened foreseeability" regarding the

likelihood of the precise act involved, District of Columbia law will not impose liability on one party for the criminal act of another.

As noted in a number of judicial opinions, where "the intervening act is criminal, as opposed to merely negligent, … the District of Columbia requires *a more 'heightened' showing of foreseeability* than would be required for mere negligence." *Shadday v. Omni Hotels Mgmt.*, 2006 WL 693680 at *4 (S.D. Ind. March 13, 2006) ("*Shadday*") (emphasis added), *quoting McKethean v. Wash. Metro. Area Transit Auth.*, 588 A.2d 708, 716 (D.C. 1991) at 716-17, and *citing Lacy v. District of Columbia*, 424 A.2d 317, 323 (D.C. 1980) ("*Lacy*") ("because of the extraordinary nature of criminal conduct, the law requires that the foreseeability of the risk be more precisely shown"). *See also Bell v. Colonial Parking, Inc.*, 807 F. Supp. 796, 797 (D.D.C. 1992) ("it is clear that in recent years the D.C. Court of Appeals has adopted a restrictive view of liability for the criminal acts of an intermeddler"), and *Potts v. District of Columbia*, 697 A.2d 1249, 1252 (D.C. 1997) ("heightened showing" is required where criminal acts are involved in a civil negligence case, that requirement is a "demanding" one, and the proof thereof must be "precise").

As a result, District of Columbia courts have required "proof that a specific type of crime, and not just crime in general, be particularly foreseeable before liability can be assessed against the non-criminal actor." *Briggs v. Wash. Metro. Area Transit Auth.*, 2006 WL 543991 at *2 ("*Briggs*") (no liability where decedent's body was found inside a plywood fencing enclosure at a District of Columbia Metro Station), *citing Lacy*, 424 A.2d at 323-24, and *Romero v. Nat'l Rifle Ass'n,* 749 F.2d 77, 79-80 (D.C. Cir. 1984). *See also Bailey v. District of Columbia*, 668 A.2d 817 (D.C. 1995) ("*Bailey*") (affirming summary judgment based on holding that "generic

7

information" of shootings in the vicinity was insufficient to show heightened foreseeability of shooting that occurred at junior high school cheerleading competition).

District of Columbia law holds an owner of a hotel liable for an assault upon a guest committed by a third party—*i.e.*, a person not a hotel employee—only "if the hotel owner breached a duty imposed by reason of the innkeeper-guest relationship." *Shadday* 2006 WL 693680 at *4 (construing District of Columbia law), *citing Kline*, 439 F.2d at 482. A hotel owner is obligated to "exercise reasonable care to protect its guests from an assault by a third party, whether a hotel employee, fellow guest or intruder, *if the assault could, or in the exercise of reasonable care, should have been anticipated*." *Shadday*, 2006 WL 693680 at *4, *citing Kline*, 439 F.2d at 482 (emphasis added). However, even as to hotel owners, "'there is no liability normally imposed upon the one having the power to act if the violence is sudden and unexpected provided that the source of the violence is not an employee of the one in control.'" *Shadday*, 2006 WL 963680 at *4 (*quoting Kline*, 578 F.2d at 483).

Under these decisions, evidence regarding the presence of the crime scene at issue as being within a so-called "high-crime" area is inadequate to carry these evidentiary burdens: "District of Columbia courts have consistently held that producing evidence of neighborhood crime generally, or even prior crimes near a specific location, is insufficient to overcome a motion for summary judgment or a directed verdict." *Briggs*, 2006 WL 543991 at *2, *citing Clement v. Peoples Drug Store, Inc.*, 634 A.2d 425, 429 (D.C. 1993) ("*Clement*") (evidence of criminally active environment insufficient to prove the foreseeability of drug store employee's murder). *See also*, *e.g.*, *Gillot v. WMATA*, 507 F. Supp. 454, 457 (D.D.C. 1981) (granting summary judgment where a rape victim failed to establish a history of similar criminal activity in the same parking lot). *Cf. Spar v. Obwoya*, 369 A.2d 173 (D.C. 1977) (because of prior

8

knife-point robberies and shootings in the same building and poor quality of the building's front door lock, the criminal act was foreseeable).

*Bailey* is particularly instructive on how the District of Columbia Court of Appeals applies the heightened showing of foreseeability standard set forth above. There, the plaintiff filed suit against the District for injuries she received from a shooting that occurred as she was leaving her daughter's cheerleading competition at a Northeast D.C. school. 668 A.2d at 819. Bailey, who had paid an admission to attend the competition, was shot while she was on the school's premises. *Id*. She argued that there had been a high number of shootings in and around the school that made the shooting foreseeable. *Id*. Upholding the trial court's grant of summary judgment for the defendant, the Court of Appeals stated that "generic" neighborhood crime information did not support any conclusion that the District had a tort duty to guard against the injury suffered by the plaintiff:

> Although the occurrence of shootings in, and in the vicinity of, the District's public schools is an unhappy reality, we agree with the trial court that such "generic information," by itself, does not create a duty on the part of the District to protect against the use of firearms under the circumstances presented here. In short, there are insufficient facts in this record to support a determination that the District should have had an "increased awareness" that some third party's unlawful use of a firearm would cause Bailey's injuries.

*Id*.

These same principles were applied recently in *Shadday*, 2006 WL 693680, where the United States Court for the Southern District of Indiana construed District of Columbia law in the context of a negligence claim made by a hotel guest who was a crime victim. The plaintiff in *Shadday*, an Indiana resident, had attended a conference in the District and had rented a room at the defendant's hotel. *Id*. at *1. On the way to her hotel room, Shadday was approached by a

9

third party she had met while having a drink in the defendant's lobby. *Id*. at *2. Before the plaintiff was able to enter the hotel's elevator to return to her room, the third party sexually assaulted her. *Id*. Although the plaintiff screamed, no one came to her rescue. *Id*. After the plaintiff initially fought off the third party, he nonetheless followed her onto the elevator, where he raped her. *Id*.

Shadday argued negligence on the defendant hotel's part in that, although the hotel contained approximately one million square feet of common area, it had at the time of the incident only two security guards on duty, with no one monitoring the hotel's video cameras or the lobby. *Id*. at *3. The plaintiff also sought to rely on an incident of sexual assault in the defendant's hotel regarding a report of an alleged rape by a husband upon his wife in one of the defendant's rooms. *Id*. at *6. Moreover, although the defendant did not keep statistics of crimes that occurred on its premises, mentally ill people allegedly trespassed on the property and, apparently, numerous domestic disputes had occurred there. *Id*. Concerning crime incidents around the hotel, police statistics showed

> two cases of sexual assaults, fourteen cases of assault with a deadly weapon, forty-four cases of robbery, eighty-five cases of burglary, two hundred eighteen cases of theft, seventy-two cases of stolen cars and two hundred two cases of theft from automobiles occurred within a two thousand foot range of the [defendant's hotel] during the three years prior to [the plaintiff's] stay[.]

*Id*. at *1.

Notwithstanding the plaintiff's evidence and arguments, the *Shadday* court granted the defendant's motion for summary judgment based upon the fact that

> there is no direct evidence before the court of crimes having occurred at the [hotel] (assaults or otherwise) that should have put [the hotel owner] on notice of potential future assaults. Citing the deposition testimony of Messrs. Barnett, Del-Cid and Carmello,

> Omni asserts that there had been no assaults, batteries, burglaries or thefts on the premises within ten years prior to the assault on Ms. Shadday. [Record citation omitted.] It goes further to say that there had been "no previous sexual assaults in the [Shoreham's] common areas" (*id.*) in the same time period. Ms. Shadday does not dispute these assertions.
>
> Because there had been no past history of these crimes having occurred at the Shoreham, it would be unreasonable to expect Omni to have anticipated that such crimes would occur.

*Id*. at *5 (emphasis added).[1]

The *Shadday* court also specifically discussed the District's heightened standard regarding foreseeability on the part of an innkeeper defendant, even in alleged high-crime areas:

> District of Columbia courts have held that "a defendant's location in a 'criminally active environment' is insufficient, by itself, to meet the "heightened" foreseeability standard without evidence that the defendant's "employees or customers were more exposed to criminal victimization than other in the general population."

*Id*. at *6, *quoting Clement*, 634 A.2d 425, 428-29.

Further evidencing the unambiguous effect of District of Columbia law in this regard, the *Shadday* court ended its opinion by stating that, while "[i]t is unfortunate that the outcome of this case could not be more favorable to" Shadday, "apply[ing] the law of the District of Columbia … compels this result, despite the harm inflicted on a sympathetic Indiana plaintiff." 2006 WL 693680 at *7.

---

[1] Addressing the alleged earlier spousal rape relied upon in the plaintiff's "duty" argument, the court held that the past incident "involved domestic violence, a dissimilar (albeit no less serious) type of crime that involves security concerns different than random acts of violence, such as the assault on the plaintiff." *Id*. at *6.

11

**B.    As A Matter Of Law, Plaintiff Is Unable To Establish Any Duty On MDRB's Part To Have Prevented The Criminal Attack Upon The Decedent**

In order to establish that MDRB owed some "heightened foreseeability" duty of care to protect Farooq against the criminal attack he suffered, Plaintiff must be able to prove—at a minimum—that MDRB "should have had an 'increased awareness' that some third party's unlawful use of a [knife] would cause [the Decedent]'s injuries." *Bailey*, 668 A.2d at 819. As a matter of law, Plaintiff cannot meet that burden here.

Plaintiff's assertions that the criminal act that took her son's life was foreseeable are founded upon her allegations that MDRB knew or should have known of certain generic information: (1) that the Hotel was located in a "high crime" area; (2) that violent crimes had occurred in and about other premises where certain dances were attended by young people; (3) that sale to and consumption by young people of alcoholic beverages often lead to violent action; and (4) that young people in high crime communities carry concealed weapons. (Complaint, ¶ 11.)

However, District of Columbia law unambiguously holds that knowledge of general facts such as those, even if formally established at trial by Plaintiff, would be insufficient to find MDRB to have had any heightened duty of foreseeability to prevent the type of sudden attack that took Farooq's life. As stated in cases such as *Bailey*, "generic information" of criminal activity in the vicinity, 668 A.2d at 820, would not have created any duty on the part of MDRB to protect against the particular type of criminal attack made on the Decedent; still less would "generic information" of young people dancing at a disco have created any such "heightened duty."

12

MDRB had no reason to know of any specific risk to Farooq of being stabbed in one of the Hotel's meeting rooms. (Exhibit 1 at ¶¶ 10-11.)[2] Moreover, such an act on the Hotel's premises was not legally foreseeable; there had never been a criminal act of that nature on the premises while MDRB owned and operated the Hotel nor, to MDRB's knowledge, at any other time during its operation. (*Id*. at ¶ 12.) For these reasons alone, and as a matter of law, the facts fail to establish that MDRB either had or should have had any awareness that, on the evening in question, some third party's criminal use of a knife at the Hotel would cause Farooq's death. *A fortiori*, these facts fail to establish, under the applicable "heightened foreseeability" standard or otherwise, that MDRB should have foreseen the criminal attack upon Farooq.

Accordingly, because this attack was unforeseeable as a matter of law, MDRB did not have a duty to protect against the injuries suffered by Farooq as a result of the attack. Therefore, summary judgment should be entered here in favor of MDRB.

---

[2] MDRB was unaware at the time of negotiating the lease (or at any time up to the actual event) even that the John Doe Defendants intended to provide any paid-admission entertainment. (Exhibit 1 at ¶ 6.)

**III.     CONCLUSION**

Travis Littlejohn's attack on Farooq was tragic, but, as a matter of law, his criminal act was not foreseeable by MDRB. MDRB had no knowledge at all that would have made this attack foreseeable to it; as a result, and as a matter of law, Plaintiff cannot possibly make the showing required of her under District of Columbia law of any "heightened foreseeability" on MDRB's part concerning the stabbing of Farooq. Accordingly, MDRB is entitled to summary judgment on Plaintiff's claim.

> Respectfully submitted,
>
> /s/ Paul A. Fitzsimmons
> _____
> Thomas S. Schaufelberger
> Paul A. Fitzsimmons
> Saul Ewing LLP
> 1025 Thomas Jefferson Street, NW
> Suite 425 West
> Washington, DC  20007-5209
> Phone:  202.295.6621
> Fax:  202.295.6721
> E-mail:  pfitzsimmons@saul.com
>
> Counsel for Defendant MDRB Corporation

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that, on this 14th day of September 2006, a copy of the foregoing Memorandum In Support Of Motion For Summary Judgment Of Defendant MDRB Corporation was served via electronic filing upon:

        Othello G. Jones, Jr., Esq.
        2041 Martin Luther King, Jr. Avenue, SE
        Washington, DC  20020


        /s/ Paul A. Fitzsimmons
        _____
        Paul A. Fitzsimmons