IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMINA FAROOQ,
Personal Representative of the Estate
of NADIR FAROOQ, Deceased,

    Plaintiff,

v.

MDRB CORPORATION
D/B/A RAMADA INN HOTEL, et al.,

    Defendants.

Civil Action No. 1:06-cv-00211-RMC

## CERTIFICATION OF DEEPAK BHATNAGAR

I, Deepak Bhatnagar, certify the following as true and correct:

1. I am over eighteen years of age, am competent to make this affidavit, am authorized to do so, and have knowledge of the statements made herein.

2. I am the founder, president, and owner, jointly with my wife, of MDRB Corporation ("MDRB"), a corporation incorporated and existing under the laws of the State of Maryland.

3. From July 9, 1998 until April 12, 2004, MDRB both owned and operated a hotel located at 1600 New York Avenue, N.E., Washington, DC and known during that time—but not thereafter—as the "Ramada Limited" (the "Hotel"). The Hotel contained several conference rooms and a part of the Hotel's business was the rental of these rooms to third parties for special events. The conference rooms were rented for various purposes, including mainly wedding receptions, company dinners, private parties, and church services. MDRB rented these conference rooms many hundreds of times during the period it owned and operated the Hotel.

4. On or about September 16, 2002, the John Doe Defendants—identified as "Ben & Reggie" and otherwise unknown to MDRB—leased from MDRB a meeting room in the Hotel for what they described to MDRB as a "Private Party" to be held on the evening of September 27, 2002.

5. On September 27, 2002, and in the meeting room they had leased from MDRB, the John Doe Defendants hosted a paid-admission event at the Hotel and hired—according to Plaintiff Amina Farooq—a to-date unidentified group, referred to in Plaintiff's Complaint (at ¶ 6) as Defendant "Richard Roe Security Company," to provide security services for the event. MDRB was unaware that any security company had been employed for what had been represented as a "Private Party."

6. MDRB was unaware at the time of negotiating the lease or at any time before the actual event that the John Doe Defendants intended to host a paid-admission event through their lease of that meeting room.

7. While attending the John Doe Defendants' event, Nadir Farooq ("Farooq" or the "Decedent") was stabbed with a knife by another person attending the dance, apparently one Travis Littlejohn, resulting in Farooq's death within days.

8. On November 15, 2004, the assailant, Travis Littlejohn, was convicted of "Voluntary Manslaughter While Armed" in connection with the attack on Farooq.

9. The assailant, Travis Littlejohn, was not employed by or in any way affiliated with or known by the Hotel or MDRB.

10. MDRB did not know that the John Doe Defendants had intended to host any kind of paid-admission event at the Hotel. MDRB also had no reason to know that Travis Littlejohn

or any other guest at the event was armed with a knife or any other weapon, or intended to harm anyone else at the event.

11.    MDRB had no knowledge of any threatened or impending physical attack upon the Decedent.

12.    Neither before nor after the stabbing of the Decedent had there ever been a criminal act of that nature at the Hotel while MDRB owned and operated the Hotel or, to MDRB's knowledge, at any other time during its operation. The relatively few incidents of criminal injury at the Hotel during the time MDRB owned and operated it were limited to occasional vandalism of patrons' cars in the Hotel's parking lot, one amateurish and entirely unsuccessful daylight robbery attempt of the Hotel's front desk, and rare scuffles between guests of the Hotel who knew each other.

Pursuant to 18 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 14, 2006.

_____
Deepak Bhatnagar

Case 1:06-cv-00211-RMC    Document 12-3    Filed 09/14/2006    Page 4 of 4