**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **Amina Farooq,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-211 (RMC)** |
| | ) | |
| **MDRB Corporation and John Doe,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**SCHEDULING ORDER**

Upon consideration of the joint report of the parties submitted pursuant to LCvR 16.3(d), and after a scheduling conference held in open Court on October 19, 2006, it is hereby **ORDERED** that:

1.    If Plaintiff determines that a viable claim may be filed against John Doe d/b/a Taking Care of Business (Event Sponsor) and/or Richard Roe Security, Plaintiff shall file a motion to amend the pleadings no later than December 8, 2006.

2.    Plaintiff's designation of experts and reports pursuant to Fed. R. Civ. P. 26(a)(2) shall be made no later than December 8, 2006.  Defendant's designation of experts and reports shall be made no later than January 8, 2007.

3.    Each party is limited to a maximum of five (5) depositions.

4.    Each party is limited to a maximum of twenty-five (25) interrogatories, including discrete subparts.  Responses to all interrogatories shall be made thirty (30) days after service.

5.    Each party is limited to a maximum of twenty-five (25) requests for admissions, including discrete subparts.  Responses to all requests for admissions shall be made thirty (30) days after service.

6.      All discovery shall be completed no later than February 7, 2007.

7.      Dispositive motions shall be filed no later than March 5, 2007; oppositions and replies shall be filed according to the Local Rules of this Court. A motion for extension of time to file a motion, opposition, or reply will be denied except upon a showing of good cause. The page limitations for briefs referenced in LCvR 7(e) are to be strictly followed by the parties.

8.      Discovery material shall not be filed with the Court unless so ordered. *See* LCvR 5.2(a).

9.      Counsel are expected to conduct themselves in a civil, polite, and professional manner at all times, particularly during discovery. Counsel are referred to LCvR 26.2 and expected to conform fully with its directives. Moreover, counsel are required, under both Fed. R. Civ. P. 26(f) and LCvR 7.1(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the Court's attention. In the event that counsel are unable to resolve a dispute, counsel shall contact chambers to arrange for a telephone conference with the Court. Counsel shall not file discovery motions without a prior telephone conference with the Court and opposing counsel.

10.      A further status conference is scheduled for 10:45 A.M. on January 19, 2007, at which time a pretrial conference date and a trial date will be selected. Counsel shall be prepared at the status conference to advise the court of the expected length of trial and of the number of fact and expert witnesses each party will present. Trial counsel shall appear at all hearings, unless excused by the court in advance of the hearing date.

11.      Counsel are expected to evaluate their respective cases for settlement purposes. Submission to alternative dispute resolution, *e.g.*, mediation or neutral evaluation, is encouraged and available by request of the Court at any time, as is a settlement conference before a

Magistrate Judge.  If the case settles, in whole or in part, Plaintiff's counsel shall advise this

Court by promptly filing a stipulation.

12.    This schedule shall not be modified, even where all parties consent, except upon a showing

of good cause and by leave of the Court.  *See* Fed. R. Civ. P. 16(b); LCvR 16.4(b).

**SO ORDERED.**


Date: October 24, 2006                                                    /s/
                                                        ROSEMARY M. COLLYER
                                                        United States District Judge