UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| **AMINA FAROOQ** Individually, and as the Personal Representative of the Estate of Nadir Farooq<br><br>Plaintiff,<br><br>vs.<br><br>**MDRB CORPORATION, et al.**<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 06-211 (RMC)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO THE MOTION FOR
SUMMARY JUDGMENT FILED BY MDRB CORPORATION**

Comes now the plaintiff, by and through counsel, and hereby submits her opposition to the motion for summary judgment filed by defendant MDRB Corporation d/b/a Ramada Inn Hotel ("Ramada").

**Statement of Relevant Facts**

The plaintiff, the mother of the decedent, was duly appointed as the Personal Representative of his estate on December 17, 2002. The defendant operated a hotel located at 1600 New York Avenue, N.E. and from time to time booked space on its premises to third parties for certain events. Specifically, on September 18, 2002, the defendant contracted with "Ben & Reggie" to hold a private party at the hotel. Response to Interrogatory 4(b). The defendant had no information regarding "Ben & Reggie," Response to Interrogatory 5; the defendant had no knowledge that a dance party was to be held, Response to Interrogatory 5; the defendant had no agreement with "Ben & Reggie" regarding security, Response to Interrogatory 4(b); "Ben and Reggie" arranged for the presence of

people acting as security for the event, who wore black tee shirts with the word "Security" printed thereon, Response to Interrogatory 5(b); the defendant was unaware that an entrance fee was being changed for admission to the event, Response to Interrogatory 9; the defendant was unaware of the number of persons admitted into the event. Or how the age of those admitted into the event was verified, Response to Interrogatory 10; the defendant did not provide any other security services at the hotel, Response to Interrogatory 12.

During the course of the event, a patron was able to bring a sharp metal object, to wit a knife into the event and stab the plaintiff's decedent to death. This occurred despite the fact that security was deemed necessary and searches were being conducted at the entrance. Defendant's response to Interrogatory 11.

It is against the backdrop of these facts that the defendant contends it is entitled to summary judgment.

## **Argument**

The plaintiff does not quarrel with the proposition that in order to prevail on a negligence claim, a party must establish that the defendant had a duty to him/her, that the defendant breached that duty, that the breach of that duty was the proximate cause of the plaintiff's injury, and that the plaintiff was damaged and/or injured as a consequence of the defendant's breach. *Haynesworth v. D.H. Stevens Co.*, 645 A.2d 1095, 1097-98 (D.C. 1994). Moreover, the D.C. Court of Appeals has also made clear that there need be a heightened showing of forseeability where criminal acts are involved in a civil negligence case. *Potts v. District of Columbia*, 697 A.2d 1249, 1252 (D.C. 1997)..

However, the fact of the matter is that this is not a foreseeability case. The question of

whether or not security was needed was answered by the fact that security was present.  The question of whether or not it was foreseeable that weapons would be introduced into the event was answered by the fact that security was present, security was conducting pat down searches and using metal detecting wounds.  Defendant's Response to Interrogatories 8 & 11.  What this case is about is the fact that the security provided by defendant Ramada was negligent under the circumstances.

By its own admission, the defendant acknowledged that it assigned an employee, Stanley Travers, to interact with "Ben & Reggie" and "informed persons wearing "SECURITY" tee shirts that they had the obligation to make sure that no smoking was taking place in the room."  Defendant's Response to Interrogatory 13.  Without a doubt, such conduct indicates control and negligent supervision when one considers that the priority of the defendant seemed to be smoking as evidenced by its response to Interrogatory 13, whereas, the defendant had "no idea whether those persons confiscated any weapons."  Response to Interrogatory 11.

Wherefore for the reasons set forth herein and in the record of this proceeding and because the issues of negligent supervision and or negligently providing security are not addressed, it is requested that the motion be denied.

                Respectfully submitted,

                Gregory L. Lattimer [371926]
                1100 H Street, N.W.
                Suite 920
                Washington, D.C.  20005
                (202) 638-0095

                Counsel for the Plaintiff

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | |
|---|---|
| **AMINA FAROOQ Individually, and as the Personal Representative of the Estate of Nadir Farooq** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| vs. ) ) | Civil Action No. 06-211 (RMC) |
| **MDRB CORPORATION, et al.** ) ) | |
| **Defendants.** ) ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT
OF ALLEGED MATERIAL FACTS NOT IN GENUINE DISPUTE**

The defendant has not separately numbered the alleged material facts not in dispute. Instead, it has placed them in unnumbered paragraphs which we shall address accordingly.

Paragraph 1

The plaintiff does not dispute that the defendant operated a hotel at 1600 New York Avenue, N.E. or that it rented several conference rooms.

Paragraph 2

The plaintiff does not dispute that the defendant did not know who they rented space in their hotel to, nor that it did not know any of the particulars of the event, nor that security had been hired, nor the type of security that had been hired. The plaintiff submits that these admissions in and of themselves indicate negligence. On the other hand, the defendant was fully aware of what was going on in its hotel a short period after the event began. Response to Interrogatory 5 and Interrogatory 11.

Paragraph 3

The plaintiff admits the allegations of paragraph 3.

Paragraph 4

Contrary to the defendant's position, it had every reason to suspect that security was patty down patrons and using metal detecting wands. Response to Interrogatory 11.

        Respectfully submitted,

        Gregory L. Lattimer [371926]
        1100 H Street, N.W.
        Suite 920
        Washington, D.C.  20005
        (202) 638-0095

        Counsel for the Plaintiff