UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| AMINA FAROOQ Individually, and as the Personal Representative of the Estate of Nadir Farooq Plaintiff, vs. MDRB CORPORATION, et al. Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 06-211 (RMC)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S AMENDED MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO THE MOTION FOR
SUMMARY JUDGMENT FILED BY MDRB CORPORATION**

Comes now the plaintiff, by and through counsel, and hereby submits her opposition to the motion for summary judgment filed by defendant MDRB Corporation d/b/a Ramada Inn Hotel ("Ramada").

**Statement of Relevant Facts**

The plaintiff, the mother of the decedent, was duly appointed as the Personal Representative of his estate on December 17, 2002. The defendant operated a hotel located at 1600 New York Avenue, N.E. and from time to time booked space on its premises to third parties for certain events. Specifically, on September 18, 2002, the defendant contracted with "Ben & Reggie" to hold a private party at the hotel. Contract (Exhibit 1) and Response to Interrogatory 4(b) (Exhibit 2). The defendant had no information regarding "Ben & Reggie," Response to Interrogatory 5; the defendant had no knowledge that a dance party was to be held, Response to Interrogatory 5; the defendant had no agreement with "Ben & Reggie" regarding security, Response to Interrogatory 4(b); "Ben and

Reggie" arranged for the presence of people acting as security for the event, who wore black tee shirts with the word "Security" printed thereon, Response to Interrogatory 5(b); the defendant was unaware that an entrance fee was being changed for admission to the event, Response to Interrogatory 9; the defendant was unaware of the number of persons admitted into the event, or how the age of those admitted into the event was verified, Response to Interrogatory 10; the defendant did not provide any other security services at the hotel, Response to Interrogatory 12.

During the course of the event, a patron was able to bring a sharp metal object, to wit a knife into the event and stab the plaintiff's decedent to death. This occurred despite the fact that security was deemed necessary and searches were being conducted at the entrance. Defendant's response to Interrogatory 11.

It is against the backdrop of these facts that the defendant contends it is entitled to summary judgment.

## Argument

**1. Standard of Review**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It has been consistently ruled by the courts that the moving party bears the burden of demonstrating the absence of any genuine issue of material facts. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); Richardson v. National Rifle Association, 871 F. Supp. 499 (D.D.C. 1994). Thus, the moving parties are entitled to a summary judgment only if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine

issues of material fact and that the moving parties is entitled to judgment as a matter of law. Id.

As all inferences drawn from the underlying facts are to be viewed in the light most favorable to the non-moving party, the defendants' burden is substantial. Washington Post Co. v. U.S. Dept. of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989). As noted by the Court in Washington Post, supra at 325,

> Summary judgment is appropriate only in circumstances where "the evidence is such that a reasonable jury could not return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. ed 2d. 202, 106 S. Ct. 2505 (1986). In deciding a motion for summary judgment, the district court is obligated to view the available evidence in the light most favorable to the nonmoving party. Adickes v. Kress & Co., 398 U.S. 144, 157, 26 L. ed. 2d 142, 90 S. Ct. 1598 (1970); Popham, Haik, Schnobrich, Kaufman & Doty, Ltd. v. Newcomb Securities Co., 243 U.S. App. D.C. 43, 751 F.2d 1262, 1263 (D.C. Cir. 1985) ("Any doubt is to be resolved against the moving party.") The Supreme Court has recently made clear that "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. If a genuine dispute does exist over a material issue, then parties should be given the opportunity to present direct evidence and cross-examine the evidence of their opponents in an adversarial setting.

There are simply no relevant facts which are not in dispute in this case. Ramada did not exercise appropriate supervision over the event being held in its facility and specifically did not exercise appropriate supervision over the security personnel working at the event. It is this factual premise that precludes summary judgment in favor of the defendant.

**2. No Basis Exists For Summary Judgment On The Issue of Negligent Supervision**

The plaintiff does not quarrel with the proposition that in order to prevail on a negligence claim, a party must establish that the defendant had a duty to him/her, that the defendant breached that duty, that the breach of that duty was the proximate cause of the plaintiff's injury, and that the plaintiff was damaged and/or injured as a consequence of the defendant's breach. *Haynesworth v.*

*D.H. Stevens Co.*, 645 A.2d 1095, 1097-98 (D.C. 1994). Moreover, the D.C. Court of Appeals has also made clear that there need be a heightened showing of forseeability where criminal acts are involved in a civil negligence case. *Potts v. District of Columbia*, 697 A.2d 1249, 1252 (D.C. 1997).

However, the fact of the matter is that this is not a foreseeability case. The question of whether or not security was needed was answered by the fact that security was present. The question of whether or not it was foreseeable that weapons would be introduced into the event was answered by the fact that security was present, security was conducting pat down searches and using metal detecting wands. Defendant's Response to Interrogatories 8 & 11. What this case is about is the fact that the security provided by defendant Ramada was negligent under the circumstances.

By its own admission, the defendant acknowledged that it assigned an employee, Stanley Travers, to interact with "Ben & Reggie" and "informed persons wearing "SECURITY" tee shirts that they had the obligation to make sure that no smoking was taking place in the room." Defendant's Response to Interrogatory 13. Without a doubt, such conduct indicates control and negligent supervision when one considers that the priority of the defendant seemed to be smoking as evidenced by its response to Interrogatory 13, whereas, the defendant had "no idea whether those persons confiscated any weapons." Response to Interrogatory 11.

A claim of negligent supervision does not require that the person or entity supervised also be an employee or agent. *Brown v. Argenbright Sec., Inc.,*, 782 A.2d 752, 760 n. 11 (D.C. 2001). Indeed, the duty of care with respect to the negligent supervision standard "extends to activities which . . . sometimes are outside the scope of employment." *Murphy v. Army Distaff Found., Inc.,* 458 A.2d 61, 63 (D.C. 1983).

The District of Columbia recognizes the tort of negligent supervision as set forth in the

Second Restatement of Agency:

> A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if her is negligent or reckless:
>
> (a) in giving improper or ambiguous orders or in failing to make proper regulations; or
>
> (b) in te employment of improper persons or instrumentalities in work involving risk or harm to others;
>
> ( c) in the supervision of the activity; or
>
> (d) in permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises or with instrumentalities under his control.

*Tarpeh-Doe v. United States*, 307 U.S. App. D.C. 253, 28 F.3d 120, 123 (D.C. Cir. 1994)(quoting the Restatement (Second) of Agency § 213 (1957).

In the case at bar, the defendant chose to stick its head in the sand rather than exercise any supervision at all over "Ben & Reggie," as evidenced by defendant's interrogatory answers, and that failure was the proximate cause of the death of plaintiff's decedent.

Wherefore for the reasons set forth herein and in the record of this proceeding and because the issues of negligent supervision and or negligently providing security are not addressed in the defendant's motion for summary judgment, it is requested that the motion be denied.

          Respectfully submitted,

          Gregory L. Lattimer [371926]
          1100 H Street, N.W.
          Suite 920
          Washington, D.C. 20005
          (202) 638-0095

          Counsel for the Plaintiff

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| AMINA FAROOQ Individually, and as the Personal Representative of the Estate of Nadir Farooq<br><br>Plaintiff,<br><br>vs.<br><br>MDRB CORPORATION, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 06-211 (RMC)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT
OF ALLEGED MATERIAL FACTS NOT IN GENUINE DISPUTE**

The defendant has not separately numbered the alleged material facts not in dispute. Instead, it has placed them in unnumbered paragraphs which we shall address accordingly.

Paragraph 1

The plaintiff does not dispute that the defendant operated a hotel at 1600 New York Avenue, N.E. or that it rented several conference rooms.

Paragraph 2

The plaintiff does not dispute that the defendant did not know who they rented space in their hotel to, nor that it did not know any of the particulars of the event, nor that security had been hired, nor the type of security that had been hired. The plaintiff submits that these admissions in and of themself indicate negligent supervision. On the other hand, the defendant was fully aware of what was going on in its hotel as it pertains to security, a short period after the event began. Response to Interrogatory 5 and Interrogatory 11.

Paragraph 3

The plaintiff admits the allegations of paragraph 3.

Paragraph 4

Contrary to the defendant's position, it had every reason to suspect that there may be individuals at the Hotel who were dangerous, carried a weapon or intended to harm someone by virtue of the fac that :Ben & Reggie" had security in place, were patting people down at the door and were using a metal detecting wand at the door as well.  At a minimum, the defendant had an obligation to properly supervise the security measures undertaken.  It clearly did not do so, as evidenced by its interrogatory responses.  The defendant's absolute failure to exercise any supervisory authority over "Ben & Reggie" regarding security provides a basis for recovery. Response to Interrogatory 11.

Paragraph 5

The plaintiff denies the allegation of the first sentence of this paragraph for the reasons stated in response to paragraph 4.  Plaintiff further denies the allegations of the last two sentences of this paragraph on the basis that liability in this case is premised on negligent supervision and/or negligently providing security.

                Respectfully submitted,

                Gregory L. Lattimer [371926]
                1100 H Street, N.W.
                Suite 920
                Washington, D.C.  20005
                (202) 638-0095

                Counsel for the Plaintiff