IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMINA FAROOQ,
Personal Representative of the Estate of
NADIR FAROOQ, Deceased,

    Plaintiff,

v.

MDRB CORPORATION
D/B/A RAMADA INN HOTEL, *et al.*,

    Defendants.

Civil Action No. 1:06-cv-00211-RMC

## RESPONSES OF
## DEFENDANT MDRB CORPORATION
## TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant MDRB Corporation ("MDRB"), by counsel, hereby responds to Plaintiff's First Set of Interrogatories:

### GENERAL OBJECTIONS

1.    Defendant objects to Plaintiff's Instructions and Definitions to the extent the foregoing call upon Defendant to provide information beyond what is discoverable pursuant to the rules of this Court.

2.    Defendant objects to Plaintiff's First Set of Interrogatories to the extent that it seeks privileged attorney/client communications, attorney work product, and/or information prepared in anticipation of litigation.

3.    Defendant objects to Plaintiff's First Set of Interrogatories to the extent that it requests information or material that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

PLAINTIFF'S EXHIBIT 2

4. Defendant objects to Plaintiff's Interrogatories to the extent that they call for information: not in Defendant' possession, custody, or control; no longer in existence; or already in Plaintiff's s possession, custody, or control.

5. Defendant objects to the terms "identify," "every," "all," "any," "each," "every," and similar terms as overly broad and unduly burdensome.

6. Defendant reserves the right to object at any stage of this litigation to the introduction into evidence at trial, or the use by Plaintiff for any purpose at any stage of this litigation, of information inadvertently provided herethrough that is privileged or otherwise legally protected.

7. Defendant objects to Plaintiff's Interrogatories to the extent that they are vague, ambiguous, overly broad, unduly burdensome, or duplicative and to the extent they seek information not identified with reasonable particularity.

8. Defendant objects to Plaintiff's Interrogatories to the extent that they are not limited in scope to time periods or subject matters relevant to the subject of the instant action.

9. Defendant objects to Plaintiff's Interrogatories to the extent that they seek responses which cannot be made due to the overbroad and vagueness of the allegations in pleading.

10. Discovery has not been completed, and Defendant has not made final preparations for trial. As a result, Defendant reserves the right hereafter to amend and supplement its above-stated objections and other responses.

11. Defendant objects to Plaintiff's Interrogatories to the extent that they seek responses involving propriety, privileged, or confidential information.

## INTERROGATORIES

Defendant responds to the numbered paragraphs of Plaintiff's Interrogatories as follows:

**INTERROGATORY NO. 1**: Please identify yourself fully, stating your full name, residence and business addresses, telephone number and occupation, and, if Defendant is a corporation, please state office/position you hold with Defendant. And as to each subsequent interrogatory state whether the response(s) is based upon your personal knowledge. If the response(s) are not based upon your personal knowledge, please give the name(s) and address(es) of the person who provided the information, their relationship to the Defendant, and whether the information given was oral, written and/or recorded.

**ANSWER:**

The person responding to these interrogatories is Deepak Bhatnagar, 14612 Stratfield Circle, Laurel, MD 20707, who is the President and co-owner of MDRB Corporation ("MDRB"), itself also located at 14612 Stratfield Circle, Laurel, MD 20707.

Unless otherwise indicated, each subsequent response is based on the personal knowledge of Mr. Bhatnagar.

**INTERROGATORY NO. 2**: Please state the full and correct name of the Defendant's corporate entity, the date of incorporation, each state of incorporation, each state of operation, the names and addresses of all officers and names and addresses of each with 10% or more interest in Defendant's corporation.

**ANSWER:**

Objection: requests information or material that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the preceding objections, "the Defendant's corporate entity" is named MDRB Corporation. MDRB was incorporated in the State of Maryland. MDRB operates only in the State of Maryland; formerly, it also operated in the District of Columbia. Deepak Bhatnagar, 14612 Stratfield Circle, Laurel, MD 20707, is the President and co-owner of MDRB Corporation; Meenakshi Bhatnagar, 14612 Stratfield Circle, Laurel, MD

20707, is the Secretary and co-owner of MDRB Corporation; there are no other officers or owners of MDRB Corporation.

**INTERROGATORY NO. 3**: Please state whether or not the Defendant was the owner and operator of the RAMADA INN HOTEL located at the 1600 New York Avenue, NE, Washington, DC during the period alleged in the Plaintiff's Complaint. If your answer is in the affirmative, state:

a. the date the subject property was acquired by the Defendant; dates of operation and ownership of premises; and the date the subject property was sold, traded or transferred.

**ANSWER:**

From July 10, 1998 to April 11, 2004, MDRB owned and operated a "Ramada Limited" hotel located at 1600 New York Avenue, N.E., Washington, D.C. 20002. Those beginning and ending dates were, respectively, the date the property was purchased by MDRB and the date it was leased to another corporation subject to a balloon-payment buyout provision in favor of the lessee.

**INTERROGATORY NO. 4**: Please state the Defendant's contention as to the decedent's legal status on its premises at the time of the occurrence in question, that is whether decedent was a business invitee, licensee or trespasser and state the basis for this conclusion.

**ANSWER:**

MDRB has not determined what legal status the decedent Nadir Farooq ("Decedent") had at the time of the occurrence in question.

**INTERROGATORY NO. 5**: Please state whether a party/disco dance was held on your premises on or about September 26 - September 27, 2002. If your answer is in the affirmative, please state:

a. the name(s) and address(es) of the sponsor(s) of the party/disco dance;
b. the location and capacity of the room leased; and the leased date, hours of use and consideration for use.

ANSWER:

Unbeknownst to MDRB until approximately an hour after the scheduled mid-evening time for the beginning of the "Private Party" rental of the hotel's banquet room on September 26, 2002, two individuals—known to MDRB only as "Ben and Reggie," address unknown—who had rented that room held a dance party therein. That banquet room had a capacity of, to MDRB's best recollection, 250 people. The lease date and consideration therefor are as stated in the lease agreement already provided to Plaintiff in discovery.

**INTERROGATORY NO. 4[b]**: Please state the full name(s) and addresses of the person(s) who negotiated the contract/lease agreement on behalf of the Defendant and the full name(s) and address(es) who negotiated and signed agreement on behalf of the sponsor(s) and state in detail all written and oral agreement between the parties concerning the event.

ANSWER:

Meenakshi Bhatnagar (identified above) negotiated the rental agreement with "Ben and Reggie" (identified above). Beyond what is stated in the written rental agreement, the only other agreement between the parties was that "Ben and Reggie" would set up the banquet room's tables and chairs themselves; this agreement was reached orally between "Ben and Reggie" and hotel employee Stanley Travers, 1011 Euclid St., N.W., Washington, D.C. 20001.

**INTERROGATORY NO. 5[b]**: Please state who was responsible for the security and safety of persons in attendance at the party/disco dance and as to that responsibility state whether uniformed and/or licensed security personnel was hired

ANSWER:

Objection: vague.

Subject to and without waiver of the preceding objections, "Ben and Reggie" apparently themselves arranged for the presence of people acting as security guards at this event. Those

individuals wore street clothes with black tee shirts with the word "SECURITY" printed on them.

**INTERROGATORY NO. 6**: Please state the name and address of the person(s), firm or corporation that was responsible for the security and safety of persons in the area of the alleged occurrence and set forth all safety and security measures there and then in place at the time of the alleged occurrence.

**ANSWER:**

MDRB has no knowledge regarding the identity of the persons, firm, or corporation apparently hired by "Ben and Reggie" to serve as security guards at this event.

**INTERROGATORY NO. 7**: Please state whether the Defendant was in control of the area where the alleged incident occurred which is the basis of this suit. If not, please state the name and address of those persons or entities in control of the premises where the alleged incident occurred and the extent of their control and authority.

**ANSWER:**

MDRB's control of the banquet room during the time it was rented was limited. MDRB could terminate the event for violation of the rental terms, including if anyone was smoking in the room. Otherwise, control of the banquet room was a matter for those persons (identified above) who had rented that room.

**INTERROGATORY NO. 8**: Please state whether you or any agent(s) or employee(s) observed any security personnel at, near or in party/disco dance on the date of the alleged event. If so, please state:

   a. the name(s) and address(es) of each security personnel present;
   b. the name and address of security firm or company;
   c. the color of security personnel uniform(s); and the licensed number security firm/company and security personnel.

**ANSWER:**

Stanley Travers (identified above) observed persons wearing "SECURITY" tee shirts but who were otherwise unidentified and unknown to him or to MDRB; he saw those persons in front of the entrance to the banquet room at the time of the event.

**INTERROGATORY NO. 9**: Please state whether or not you or any agents or employees of the Defendant were aware prior to, at the time of or during the party/disco dance that an admission fee was being charged for entry into party/disco dance by the sponsor. If your answer is in the affirmative, state (a) when you first became aware of this fact; and (b) whether admission fee charges was pursuant to the agreement between the Defendant and sponsor.

**ANSWER:**

Neither MDRB nor any of its agents or employees was aware that an admission fee, if any, was being charged for entry to the event in the banquet room on the evening in question.

**INTERROGATORY NO. 10**: Please state the following pursuant to the party/disco dance:

   a. The number count of persons admitted into the party/disco dance during the hours of the event;
   b. The cost of admission to the party/disco; and
   c. The method used to verify the age of those admitted into the party/disco dance.

**ANSWER:**

   (a) Unknown.

   (b) Unknown (if any).

   (c) Unknown (if any).

**INTERROGATORY NO. 11**: Please state whether or not Defendant was aware or ever became aware that guards/security personnel conducted screening and searches of patrons admitted into the party/disco dance. If the Defendant was aware, state:

   a. Under whose authorities the screening and searches were done;
   b. All methods and equipments used to conduct the screening and searches;
   c. The name and addresses of security personnel who conducted the screening and searches;
   d. All weapons confiscated by security personnel;
   e. If you were unaware, explain why you did not know of security personnel in your premises.

**ANSWER:**

After the beginning of the event in question, MDRB, through its employee Stanley Travers, became aware that persons wearing "SECURITY" tee shirts were searching people admitted into the banquet room. To MDRB's knowledge and belief, that screening procedure was authorized by "Ben and Reggie." Mr. Travers saw the persons wearing "SECURITY" tee shirts patting people down and using metal-detecting "wands." As indicated above, MDRB has no idea who those persons wearing "SECURITY" tee shirts were, and MDRB also has no idea whether those persons confiscated any weapons.

**INTERROGATORY NO. 12:** Please describe the security services provided maintained [sic] by the Defendant at and in its hotel, specifying the following particulars on date the incident alleged:

a. The names and addresses of security personnel;
b. Number of security personnel on duty at time of incident;
c. Hours during which security services was provided;
d. Nature of services provided, e.g., patrols, access control, closed circuit surveillance monitoring, search and screening, etc.;
e. Frequency of patrols and other services; and
f. Whether guards had other accoutrements, such metal detectors, screening equipments, etc.

**ANSWER:**

(a) None.

(b) None.

(c) None.

(d) Front desk personnel viewed closed circuit television surveillance of parts of the hotel's parking area.

(e) None.

(f) None.

**INTERROGATORY NO. 13:** Please state whether a specific agent or employee of the Defendant was responsible for or was in charge of, managed, supervised, or assigned to provide assistance and services to the sponsor of the party/disco dance and if so state:

a. The name(s) and address(es) of such individuals;
b. A description of agent/employee's duties and responsibilities; and
c. Any and all communication between Defendant's agent/employees, the sponsor and security personnel concerning the party/disco dance

**ANSWER:**

(a) Stanley Travers was primarily responsible for interacting with "Ben and Reggie" concerning their event.

(b) Mr. Travers opened the room for "Ben and Reggie" and walked through the room to inspect for any pre-event damage thereto. He monitored the room once or twice during the event to see whether smoking was taking place in it, and he also monitored the parking area to ensure that only overnight hotel guests were parking their cars there.

(c) Mr. Travers greeted "Ben and Reggie" upon their arrival that evening and performed the above-referenced pre-event inspection with them. During the course of the evening, Mr. Travers informed persons wearing "SECURITY" tee shirts that they had the obligation to make sure that no smoking was taking place in the room and that he would terminate the event if there were any violations of that rule. After the stabbing incident, one of those persons wearing "SECURITY" tee shirts told Mr. Travers that that person did not know how the knife could have gotten into the room.

**INTERROGATORY NO. 14:** Please state whether Defendant had any procedures for monitoring and inspecting its premises during the course of an event. so, please describe monitoring and inspection procedures and policies in place and names and addresses of the person(s) responsible for monitoring and inspecting premises during the time of the party/disco dance on September 27, 2002.

**ANSWER:**

*See* answer to Interrogatory No. 13.

**INTERROGATORY NO. 15:** If there was an investigation made of the incident which claimed the decedent's life, that forms the basis of this suit, please state whether the Defendant conducted such investigation in anticipation of litigation, and if so, state each fact of which Defendant was aware at the time of the investigation that caused it to believe that it was conducting the investigation in anticipation of litigation.

**ANSWER:**

No.

**INTERROGATORY NO. 16:** Please state the name of the name(s) and addresses of the persons who conducted the investigation of the occurrence on the Defendant's behalf and state their relationship to the Defendant.

**ANSWER:**

None.

**INTERROGATORY NO. 17:** Please describe how the alleged occurrence happened, giving all events in detail in the order in which they occurred, before, at the time of, or after the occurrence, which had any bearing on the cause and manner of the happening of the occurrence.

**ANSWER:**

Other than as described above, MDRB has no knowledge of this stabbing incident other than that MDRB is aware that the police investigated the incident and that a prosecution and conviction resulted therefrom.

**INTERROGATORY NO. 18:** Please state what precautions, if any, were taken by you, or any agent or employee of the Defendant, prior to the party/disco occurring, to assure the safety of the patrons such as the Plaintiff's decedent while on your premises.

**ANSWER:**

Prior to the occurrence of what Plaintiff terms "the party/disco," MDRB did not know that there would be any gathering in the hotel's banquet room involving members of the general public: at the time they rented that room, "Ben and Reggie" had informed MDRB that they were going to hold a "Private Party" therein. As a result, MDRB had no idea that "patrons such as the Plaintiff's decedent" would be on its premises that evening.

**INTERROGATORY NO. 19:** Please state whether any similar parties/disco dances been held on the Defendant's premises prior to this alleged incident. If so, state:

a. The date of each party/dance; and
b. The name(s) and address(es) of each sponsor/lessee/'customer.

**ANSWER:**

Objection: vague and ambiguous.

Subject to and without waiver of the preceding objections, no.

**INTERROGATORY NO. 20:** Please state whether or not alcoholic drinks were dispensed, served and/or sold at the alleged party/disco dance. If your answer is in the affirmative, state:

a. Whether alcoholic drinks were dispensed, served and/or sold by Defendant, its agents or employees;
b. Whether alcoholic drinks were dispensed, served and/or sold by the sponsor and/or its agents or employees;
c. The ABC license number used to dispense, serve and/or sell alcoholic drinks; and
d. The name(s) and address(es) of the persons who dispensed, served and sold alcoholic drinks at party/disco dance and their relationship to the Defendant.

**ANSWER:**

MDRB does not know whether alcoholic drinks were dispensed, served, and/or sold at the event; Stanley Travers did not see people drinking alcoholic beverages during the one or two times he walked through the banquet room during the event to see whether people were smoking.

**INTERROGATORY NO. 21:** Please state whether or not the sponsor(s) of the alleged party/disco dance had permission or authority from Defendant:

a. To charge an admission fee for entry into party/disco dance;
b. To serve, dispense and/or sell alcoholic drinks at party/disco dance; and
c. To conduct a screening and search of all patrons entering party/disco dance.

**ANSWER:**

(a) No.

(b) Some of the hotel's patrons who have rented banquet rooms have sought and received permission, in the form of a one-day license, from the District to serve alcoholic beverages, which is legally required regardless of whether any per-drink fee is charged. MDRB has no record of whether "Ben and Reggie" sought to obtain such a license; because of the large number of such events across the years of MDRB's operation of the hotel, MDRB does not otherwise know with certainty whether "Ben and Reggie" did so.

(c) "Ben and Reggie" never requested permission or authority from MDRB to screen or search persons entering the banquet room they had rented, nor did "Ben and Reggie" ever inform MDRB that they would be doing so.

**INTERROGATORY NO. 22:** Please state the full name and last known address, giving the street, street number, city and state, of every witness known to you or to your attorneys who has any knowledge regarding the facts and circumstances surrounding the happening of the incident referred to in the complaint or your alleged injuries, including but not limited to eyewitnesses to the event, and medical witnesses and other persons having any knowledge.

**ANSWER:**

Other than as identified above, none.

**INTERROGATORY NO. 23:** State whether you, your attorney, your insurance carrier, or anyone acting on your or their behalf obtained statements in any form from any persons regarding any of the events or happenings that occurred at the scene of the incident referred to in the complaint immediately before, at the time of, or immediately

after the incident described in the complaint. If so, state:

a. The name and address of the person from whom any statements were taken;
b. The dates on which the statements were taken;
c. The names and addresses of the persons and employers of the persons who took the statements;
d. The names and address of the persons having custody of the statements; and
e. Whether the statements were written or recorded by recording device, court report or stenographer.

**ANSWER:**

No such statements were obtained.

-15-

Respectfully submitted,

*[signature]*

Thomas S. Schaufelberger, Bar No. 371934
Paul A. Fitzsimmons, Bar No. 444829
Saul Ewing, LLP
2600 Virginia Avenue, NW
Suite 1000 – The Watergate
Washington, DC  20037
Telephone:  202-295-6621
Facsimile:  202-295-6721
*Counsel for Defendant MDRB Corporation*

928699 1