UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMINA FAROOQ, Personal Representative of the Estate of Nadir Farooq,<br><br>    Plaintiff,<br><br>    v.<br><br>MDRB CORPORATION D/B/A RAMADA INN HOTEL, *et al.*,<br><br>    Defendants. | Civil Action No. 06-211 (RMC) |

## MEMORANDUM OPINION

Plaintiff Amina Farooq seeks to recover in negligence for the death of her son who was killed at a private party held at a hotel. Plaintiff filed this suit against Defendants, MDRB Corporation d/b/a Ramada Inn Hotel ("MDRB"), John Doe d/b/a Taking Care of Business Event Sponsor, and Richard Roe Security. With regard to MDRB, the Complaint alleges that MDRB negligently supervised security hired by John Doe, the event sponsor. Because Plaintiff has failed to name an expert to testify regarding the appropriate standard of care, the claim against MDRB will be dismissed.

### I. FACTS

John Doe[1] leased a meeting room from MDRB Corporation, doing business as the Ramada Inn, to host an event which was initially described as a "private party." Def.'s Mem. in Supp. of Mot. for Summ. J. ("Def.'s Mem.") at 2. MDRB did not have any further details about

---

[1] The room rental agreement names the lessees as "Ben and Reggie." *See* Pl.'s Am. Mem. of P. & A. in Opp. to Mot. for Summ. J. ("Pl.'s Opp."), Ex. 1. Plaintiff has never identified the lessees and thus has never served them.

what type of event would occur. *Id.* John Doe used the room to host a paid admission party and allegedly hired security for this event. *Id.* MDRB did not have any information about the hired security until the evening of the party. *Id.* During the event, MDRB interacted with the security through its employee, Stanley Travers. Pl.'s Opp. at 4. Mr. Travers' main interaction with the security staff was to instruct them to make sure no one smoked in the room, one of the conditions of the contract. *Id.* At some point during the event, Travis Littlejohn, an attendee of the party, stabbed and killed another attendee, Nadir Farooq. Def.'s Mem. at 2. Mr. Littlejohn was later convicted of "voluntary manslaughter while armed." *Id.* at 2-3.

Ms. Farooq, mother of Mr. Farooq and personal representative of his estate, brought suit against MDRB, alleging that MDRB failed to properly supervise the security staff hired by John Doe. MDRB has filed a motion for summary judgment, which is fully briefed and ready for decision. As explained below, the motion will be granted.

## II. LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). Moreover, summary judgment is properly granted against a party that "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S.

317, 322 (1986). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson*, 477 U.S. at 248 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

### III.  ANALYSIS

Plaintiff contends that MDRB negligently supervised the security that was retained by John Doe. Pl.'s Opp. at 4. Plaintiff argues that (1) because MDRB assigned an employee to interact with John Doe and (2) the MDRB employee spoke with men wearing "security" t-shirts, MDRB must have had control over the security personnel. Because MDRB must have had control, Plaintiff contends that MDRB should be liable for negligent supervision of the security staff. *Id.*

The District of Columbia holds a defendant liable for negligent supervision under the definition provided in the Second Restatement of Agency:

> A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless:
>
> (a) in giving improper or ambiguous orders or in failing to make proper regulations; or
>
> (b) in the employment of improper persons or instrumentalities in work involving risk or harm to others;
>
> (c) in the supervision of the activity; or
>
> (d) in permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises or with instrumentalities under his control.

*Tarpeh-Doe v. United States*, 28 F.3d 120, 123 (D.C. Cir. 1994) (quoting Restatement (Second) Agency § 213 (1957)). "To invoke this theory of liability it is incumbent upon a party to show that

an employer knew or should have known its employee behaved in a dangerous or otherwise incompetent manner, and that the employer, armed with that actual or constructive knowledge, failed to adequately supervise the employee." *Brown v. Argenbright Sec., Inc.*, 782 A.2d 752, 760 (D.C. 2001) (quoting *Giles v. Shell Oil Corp.*, 487 A.2d 610, 613 (D.C. 1985)).

Plaintiff contends that the security staff acted negligently because they did not find the knife that Mr. Littlejohn brought to the party and used to stab the decedent, although they searched the party attendees as they entered. Pl.'s Opp. at 2. Plaintiff asserts that MDRB took control when its employee instructed the individuals in "security" t-shirts to enforce the "no smoking" rule in the hotel room. *Id.* at 4. Even if this were enough to constitute "control" over security and thus to impose supervision responsibility upon MDRB, Plaintiff offers no evidence regarding the actions or omissions of the security staff (or MDRB's alleged supervision of such security staff) or whether those actions or omission met the standard of care for a reasonable security guard (or his supervisor) under the circumstances.

A plaintiff in a negligence claim must establish the standard of care that should have been used, any deviation from that standard of care, and the causal connection between the plaintiff's injury and the deviation. *Hill v. Metro. African Methodist Episcopal Church*, 779 A.2d 906, 908 (D.C. 2001). The jury may evaluate the facts without the aid of expert testimony only if the ultimate issue is within their common knowledge and everyday experience. *Dist. of Columbia v. Freeman*, 477 A.2d 713, 719 (D.C. 1984). "A plaintiff must put on expert testimony to establish what the standard of care is if the subject in question is so distinctly related to some science, profession or occupation as to be beyond the ken of the average layperson." *Hill*, 779 A.2d at 908 (citing *Dist. of Columbia v. Arnold & Porter*, 756 A.2d 427, 433 (D.C. 2000)).

Under D.C. law, expert testimony is required to establish the standard of care for a claim of negligent hiring, training, and supervision of security personnel. *Parker v. Grand Hyatt Hotel*, 124 F. Supp. 2d 79, 89 (D.D.C. 2000); *accord Freeman*, 477 A.2d at 719 (the standard of care for security staff, and those who were allegedly charged with supervising security staff, is not within the common knowledge of a jury). When expert testimony is necessary to establish the standard of care, a plaintiff's failure to name an expert constitutes grounds for dismissal. *Fletcher v. Dist. of Columbia*, No. 01-297, 2005 WL 670676, at *6 (D.D.C. Mar. 22, 2005) (granting summary judgment on claim of negligent infliction of emotional distress when plaintiff failed to designate an expert to establish the standard of care). In this case, Plaintiff's negligent supervision claim must be dismissed because Plaintiff did not designate an expert witness who could testify to the standard of care for hiring, training, and supervising the security personnel.[2]

## IV. CONCLUSION

In sum, because Plaintiff failed to name an expert regarding the standard of care, MDRB's motion for summary judgment [Dkt. #12] will be granted and judgment will be entered in favor of MDRB.

Date:  August 3, 2007

/s/
ROSEMARY M. COLLYER
United States District Judge

---

[2] Plaintiff was required to name experts no later than April 5, 2007. *See* Scheduling Order filed Mar. 9, 2007. Plaintiff failed to do so.